UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND; BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND; BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND; BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND; BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 SUPPLEMENTAL RETIREMENT FUND; and PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 U.A., <br><br>  Plaintiffs, <br><br>  vs. <br><br> MITCHELL & SON PLUMBING LLC, an Ohio Limited Liability Company, <br><br>  Defendant. | CASE NO.: 24-cv-151 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND; the BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND; the BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND; the BOARD OF TRUSTEES

OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND; and the BOARD OF TRUSTEES OF THE PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 SUPPLEMENTAL RETIREMENT FUND and the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 U.A., by and through their attorneys, Joseph E. Mallon of JOHNSON & KROL, LLC, complaining of Defendant MITCHELL & SON PLUMBING LLC ("**MITCHELL & SON PLUMBING**"), allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over Count I pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 PENSION FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 HEALTH & WELFARE FUND, the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 SUB FUND, and the PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE, LOCAL UNION NO. 392 EDUCATION TRUST FUND (collectively the "**FUNDS**"), are administered at 1228 Central Parkway, Suite 100, Cincinnati, Ohio 45202 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Ohio, Western Division.

## PARTIES

3. The **FUNDS** are multiemployer fringe benefit funds that are administered in the City of Cincinnati, County of Hamilton, State of Ohio.

4. The PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 U.A. ("**UNION**") is an unincorporated association that represents employees working with the plumbing, pipefitting, and mechanical equipment service industries within the greater Cincinnati area.

5. The respective Boards of Trustees of the **FUNDS** are authorized to administer the **FUNDS** which receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the **UNION** and therefore are multi-employer plans under 29 U.S.C. § 1002.

6. The **FUNDS** were established pursuant to collective bargaining agreements entered into between the **UNION** and the Mechanical Contractors Association of Cincinnati and, therefore, are a multiemployer plan under 29 U.S.C. § 1002.

7. The **FUNDS** are established and administered pursuant to the terms and provisions of certain Agreements and Declaration of Trust (the "Trust Agreement").

8. The respective Boards of Trustees of the **FUNDS** are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(8), and are authorized to bring lawsuits on behalf of their participants and beneficiaries.

9. The **UNION** is a labor organization within the meaning of 29 U.S.C. § 185(a) that has its principal place of business in Cincinnati, Ohio.

10. The **UNION** is the bargaining representative of **MITCHELL & SON PLUMBING's** plumber employees.

11. **MITCHELL & SON PLUMBING** is an Ohio Limited Liability Company with its principal place of business located in Cincinnati, Ohio.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

12. The respective Boards of Trustees of the **FUNDS** and the **UNION** re-allege and incorporate the allegations contained in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. **MITCHELL & SON PLUMBING** is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Subscription Agreement on February 1, 2023. (A copy of the Agreement is attached as **Exhibit 1**).

14. Through the provisions of the Subscription Agreement, **MITCHELL & SON PLUMBING** also became bound by the Collective Bargaining Agreement ("CBA") between the **UNION** and the Mechanical Contractors Association of Cincinnati ("MCAC") in effect for the period of July 1, 2022, through May 31, 2025. (A copy of the CBA is attached as **Exhibit 2**).

15. Through the agreement referred to in paragraph 14, **MITCHELL & SON PLUMBING** also became bound by the provisions of the Agreements and Declaration of Trust which created the **FUNDS** (hereinafter referred to as the "Trust Agreements").

16. Pursuant to the CBA, **MITCHELL & SON PLUMBING** is required to make monthly reports of hours worked by its plumber employees and pay contributions to the **FUNDS** at the negotiated rate for each hour worked. (**Exhibit 2**).

17. Pursuant to the CBA and check-off cards signed by Defendant **MITCHELL & SON PLUMBING's** plumber employees, Defendant **MITCHELL & SON PLUMBING** is required to deduct union dues at the require rate and remit said dues to the **UNION**.

18. The monthly reports, contributions, and dues required be paid as set forth in paragraphs 16 and 17 above during all times relevant were due on or before the last business day following the preceding month in which hours were worked.

19. Pursuant to Section 502(g)(2) of ERISA, and the CBA, employers who fail to submit their monthly reports, contributions, and dues to the **FUNDS** and the **UNION** on a timely basis are responsible for the payment of liquidated damages equal to eight percent (8%) of the amount unpaid plus any reasonable attorney's fees and costs of maintaining suit.

20. **MITCHELL & SON PLUMBING** failed to remit its monthly reports identifying the number of hours worked by its plumber employees for the months of May 2023 through December 2023. As a result, **MITCHELL & SON PLUMBING** owes contributions and dues in the estimated amount of $17,052.36.

21. Due to its non-payment of contributions, and dues, Defendant **MITCHELL & SON PLUMBING** also owes liquidated damages in the estimated amount of $1,272.21.

22. **MITCHELL & SON PLUMBING** also has a continuing obligation to submit monthly reports and to pay contributions and dues on behalf of its plumber employees and any additional amounts that may become due.

23. The **FUNDS** and the **UNION** made several demands to **MITCHELL & SON PLUMBING** demanding payment of the outstanding monies owed and monthly reports, but **MITCHELL & SON PLUMBING** has failed to pay.

24. **MITCHELL & SON PLUMBING's** refusal to pay the outstanding contributions and dues is a breach of the CBA and Trust Agreements.

25. The respective Boards of Trustees of the **FUNDS** and the **UNION** have been required to employ the undersigned attorneys to collect the outstanding contributions, dues and

liquidated damages owed to the **FUNDS** and the **UNION**.

26. **MITCHELL & SON PLUMBING** is obligated to pay the reasonable attorney's fees and court costs incurred by the **FUNDS** and the **UNION** pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request:

A. That Judgment be entered in favor of the Plaintiffs and against **MITCHELL & SON PLUMBING** in the amount of $17,052.36 for unpaid contributions and dues for the period of May through December 2023;

B. That Judgment be entered in favor of the Plaintiffs and against **MITCHELL & SON PLUMBING** in the amount of $1,272.21 for liquidated damages owed as a result of its late payment of contributions and dues owed for the months of May through December 2023;

C. That Judgment be entered in favor of the **FUNDS** and the **UNION** and against **MITCHELL & SON PLUMBING** for any other contributions, dues and liquidated damages, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That **MITCHELL & SON PLUMBING** be ordered to pay the reasonable attorney's fees and costs incurred by the **FUNDS** and the **UNION** pursuant to the CBA, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

E. That the **FUNDS** and the **UNION** have such other and further relief as the Court may deem just and equitable all at Defendant **MITCHELL & SON PLUMBING**'s cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PLUMBERS, PIPEFITTERS & MECHANICAL EQUIPMENT SERVICE LOCAL UNION NO. 392 PENSION FUND** *et al.*

 /s/  Joseph E. Mallon
Joseph E. Mallon (0085786)
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, Illinois 60606
(312) 757-5462
mallon@johnsonkrol.com

*Counsel for Plaintiffs*